BARFIELD, Chief Judge.
The Special Disability Trust Fund (SDTF) appeals an order requiring it, pursuant to section 440.49(2)(b), Florida Statutes (1991), to reimburse the employer/carrier (E/C) for a percentage of the wage loss benefits paid to the claimant, a bridge carpenter hired by the employer with knowledge that he had a preexisting left eye impairment, who severely injured his right knee in a fall at work in 1992. We reverse.
Competent substantial evidence supports the findings of the judge of compensation claims (JCC) that prior to his knee injury, the claimant had a permanent physical impairment (i.e., a cataract in his left eye causing a substantial decrease in visual acuity, for which he had refused surgery), that the employer knew about this permanent physical impairment prior to the knee injury, and that the evidence presented was insufficient to prove “merger” as defined in section 440.49(2)(b)2.a.(i.e., the E/C did not prove that the accident in which the knee was injured would not have occurred if the preexisting left eye impairment had not existed). However, the JCC’s findings regarding “merger” as defined by section 440.49(2)(b)2.b., discussed below, are not supported by competent substantial evidence and are therefore reversed.
The JCC found that the permanent disability or wage loss resulting from the 1992 knee injury was materially and substantially greater than that which would have resulted had the preexisting left eye condition not existed and that the employer had paid wage loss benefits for that materially and substantially greater disability. Even if the vocational rehabilitation expert had testified that the pre-existing 20/400 visual acuity of the left eye would have been a substantial factor in claimant’s inability to work after his knee injury, the record clearly shows that this eye condition was corrected by cataract surgery one month after the knee injury, while the claimant was temporarily and totally disabled as a result of the knee surgery, and no evidence was presented that the claimant’s inability to work after he reached maximum medical improvement from the knee injury (i.e., his “permanent disability, permanent impairment, or wage loss resulting from the subsequent accident”) was in any way attributable to the left eye condition, much less “materially and substantially greater than that which would have resulted had the permanent physical impairment not existed.” To the extent that the order can be read to indicate that the JCC used the date of the 1992 accident to determine that there had *1211 been a merger of the preexisting left eye condition and the right knee injury, we find this a misconstruction and misapplication of the law to these particular facts.
The’ order requiring reimbursement is REVERSED.
ERVIN and BENTON, JJ., concur.